Zobel, J.
The only issue at bar for decision is
whether Massachusetts was the situs of Defendants’ actions, which Plaintiff alleges to have been unfair and deceptive; unless the practices “occurred primarily and substantially within the commonwealth,” Plaintiffs claim (Count III) fails, G.L.c. 93A, §11. Resolution is a question of law, Roche v. Royal Bank of Canada, 109 F.3d 820, 827 (1st Cir. 1997).
1. Where did Defendant commit the deception (if deception it was)? Although one may assume that the ancillary scheming occurred in Massachusetts, the termination — which in fact constituted the unfair act — transpired elsewhere.
2. Where was Plaintiff deceived? Where did the deception impact him? Plaintiff, a resident of Monaco, acted in Europe as Defendant Eastpak’s exclusive sales manager for 15 European countries. Everything untoward that happened to him took place in Europe.
3. Where did Plaintiff suffer loss? The harm he sustained — cessation of commissions, past and future; and loss of reputation — all had an exclusively European situs, because Monaco was where he lived and worked.
Thus because any misbehavior by Defendants did not take place in Massachusetts, Defendants are entitled to dismissal of any claim under Chapter 93A.
ORDER
Accordingly, it is Ordered, that Defendants’ Motion to Dismiss Count II of the Complaint herein be, and the same hereby is, Dismissed in its Entirety, with Prejudice.